## WIDOW ·DUCHAMP v. J. P. BUTTERLY.—SAME v. SAME.—ALPHONSE GARRUS v. J. P. BUTTERLY.—WIDOW BUTTERLY, Opponent.

Statutes in derogation of common right should not be enlarged by construction.

Mrs. B. claimed a thousand dollars out of her deceased husband's estate, under the "Act to provide a homestead for the widow and children of deceased persons"—against *bona fide* mortgagees. In answer to interrogatories, the widow said that she owned a house worth seven hundred dollars, and added a vague statement that she was in debt. *By the Court:* The statute does not say that the amount of property owned by her must be estimated over and above her indebtedness, whatever it may be and whenever due, and we cannot add such a provision to it. Three hundred dollars allowed.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *J. & E. Bermudez* and *Pedesclaux*, for plaintiffs and appellant. *Biron*, for *Mrs. Butterly*.

SPOFFORD, J. (MERRICK, C. J., absent.) The widow of *J. P. Butterly* claims the $1000 awarded to indigent widows by the Act of March 17th, 1852. (Session Acts, page 171.)

The only valuable property belonging to the succession of her deceased husband has been sold, under three orders of seizure and sale, issued at the instance of the *Widow Duchamp* and *Alphonse Garrus*, who were mortgage creditors of the deceased.

The *Widow Butterly* claims a superior privilege on the proceeds of these three sales, by virtue of the Act aforesaid.

Statutes in derogation of common right should not be enlarged by construction.

The statute in question, which gives a bounty to the widow at the expense of *bona fide* mortgage creditors, is entitled "an Act to provide a homestead for the widow and children of deceased persons." It declares "that whenever the widow or minor children of a deceased person shall be left in necessitous circumstances, and not possess in their own right (*en leur nom*) property to the amount of $1000, the widow, or the legal representative of the children, shall be entitled to demand and receive from the succession of their deceased father or husband, a sum which, added to the amount of property owned by them, or either of them, in their own right, will make up the sum of $1000, and which said amount shall be paid in preference to all other debts, except those for the vendor's privilege and expenses incurred in selling the property."

The only evidence which tends in any way to show that the widow in this case is in necessitous circumstances shows also that she is owner in her own right of a house and lot, or homestead, in the town of Donaldson. In answer to interrogatories, she says this property is estimated at $700. It is true she adds the vague statement that she is indebted to the amount of $700 or $800, without giving any explanation of the terms of this indebtedness. But the statute does not say that the amount of property owned by her must be estimated over and above all her indebtedness, whatever it may be and whenever due, and we cannot add such a provision to the statute.

It may be that the creditors, out of whose pockets the bounty for the widow is to be taken, loaned their money to the husband upon the belief that, as the wife was already in the possession of a homestead, the death of the husband would not evict them of their mortgage rights.

Under her indefinite and somewhat evasive answers to interrogatories, the widow is is only entitled to $300, the difference between the value of the property she owns and possesses and $1000.

It is, therefore, ordered that the judgment appealed from be avoided and reversed, and proceeding to render such judgment as should have been rendered, it is ordered, adjudged and decreed, that the third opponent, *Azelie Landry*, widow of *J. P. Butterly*, and natural tutrix of the minor child *Aimée Butterly*, be paid the sum of three hundred dollars by privilege and in preference to the seizing creditors, *Widow Duchamp* and *Alphonse Garrus*, out of the proceeds of the property seized and sold in these suits, the sum taken from the proceeds of each of the three lots sold to bear the same ratio to the total sum of $300 as the net proceeds of the sale of each of the three lots to the net proceeds of all the lots; it is further ordered and decreed, that the costs of the intervention in the District Court be borne by the appellants, and the costs of this appeal by the *Widow Butterly*, appellee.